Lee Momient
P.O. Box 608082
Chicago, Il. 60660

Pro Se Plaintiff

**RECEIVED**

JUN 2 9 2011

Jun 29 2011 MR

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **LEE MOMIENT** ) | |
| ) | C 11CV4417 |
| **Plaintiff,** ) | JUDGE CHANG |
| ) | C MAG. JUDGE NOLAN |
| V. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| **HY CITE, INC** ) | |
| **NAUTILUS** Inc. ) | |
| **Defendants.** ) | |

### VERIFIED COMPLAINT

Now comes the Plaintiff, Lee Momient, pursuant to 28 U.S.C.A. § 1331 (Federal Questions), 28 U.S.C.A. § 1367 (Supplemental Jurisdiction), ~~15 U.S.C. § 1692 et seq. (the Fair Debt Collection Practices Act, "FDCPA"), 42 U.S.C. § 1983 (the Ku Klux Klan Act of 1871),~~ 15 USC §1681 *et seq.* (the Fair Credit Reporting Act," FCRA") ~~and 18 U.S.C.A. §§ 1961-1968 (Racketeer Influence and Corrupt Organizations Act), and complains against the Defendants as follows:~~

1. Plaintiff Lee Momient ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA). 15 USC §1681a(c).

2. Defendant HY CITE, INC ("HY CITE), a corporation, is a person who furnishes information to consumer reporting agencies under 15 USC §1681s-2.

3. Defendant NAUTILUS, INC ("NAUTILUS") a corporation, is a person who furnishes information to consumer reporting agencies under 15 USC §1681s-2.

4. Upon information and belief Defendants conduct business in Illinois by phone and mail and other means.

5. Plaintiff is a resident of Cook County, Illinois and was a resident at the times the related incidents occurred.

6. Defendants have furnished information to Trans Union and requested plaintiffs personal credit file without permissible purpose, and defendants have failed to notify plaintiff of said request.

7. Defendant HY CITE released plaintiffs Trans Union credit report to Defendant Nautilus.

## FACTUAL ALLEGATIONS

8. On March 24, 2011, HY CITE initiated a hard pull of Plaintiff's credit report from Trans Union without permissible purpose, thereby reducing his credit score.

9. On May 18, 2011, HY CITE initiated a hard pull of Plaintiff's credit report from Trans Union without permissible purpose, thereby reducing his credit score.

10. Upon information and belief, On or about March 24, 2011 NAUTILUS obtained a copy of Plaintiffs credit report from HY CITE.

11. Upon information and belief, On or about May 18, 2011 NAUTILUS obtained a copy of Plaintiffs credit report from HY CITE.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANTS HY CITE and NAUTILUS

12. Plaintiff realleges and incorporates paragraphs 1-11.

13. On March 24, 2011 Defendants negligently and willfully failed to comply with the requirements of FCRA including but not limited to; accessing plaintiffs consumer reports without permissible purpose, as required by defined by 15 U.S.C. §1681b.

14. As a result of defendants' failure to comply with the requirements of FCRA plaintiff has suffered actual damages, including denial of credit, loss opportunity to receive credit, damage to his reputation for which he seeks damages in an amount to be determined by the Jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury. Plaintiff also seeks statutory damages.

15. Plaintiff requests his attorney fees pursuant to 15 USC §1681n(a) and §1681o(a)

## COUNT II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANTS HY CITE and NAUTILUS

16. Plaintiff realleges and incorporates paragraphs 1-11.

17. On May 18, 2011 Defendants negligently and willfully failed to comply with the requirements of FCRA including but not limited to; accessing plaintiffs consumer reports without permissible purpose, as required by Act (FCRA) 15 U.S.C. § 604 (c)(1)(a); and

18. As a result of defendants' failure to comply with the requirements of FCRA plaintiff has suffered actual damages, including denial of credit, loss opportunity to receive credit, damage to his reputation and emotional distress for which he seeks damages in an amount to be determined by the Jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury. Plaintiff also seeks statutory damages.

19. Plaintiff requests his attorney fees pursuant to 15 USC §1681n(a) and §1681o(a)

20. Plaintiff demands a jury trial on all claims.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

On the First Claim for Relief:

1. Actual damages against each defendant for each count in an amount to be determined by the jury;

4. Costs and expenses incurred in the action.

On the Second Claim For Relief:

1. Actual damages against each defendant in an amount to be determined by the jury;

2. Punitive damages in an amount to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

DATED this ___ day of JUNE 2011

*I verify that the foregoing is true & correct to the best of my knowledge, under penalty of perjury.*

Respectfully submitted,

_____
Lee Momient
(773)712-3989
Pro Se Plaintiff

THIS PERSON IS SUBSCRIBED AND SWORN TO ME ON THIS DATE.

6-29-11
DATE     SIGNATURE

PAUL A MORRIS
MY COMMISSION EXPIRES
JUNE 14, 2012
NOTARY PUBLIC OFFICIAL SEAL STATE OF ILLINOIS